THE PEOPLES NATIONAL BANK OF BROOKLYN IN NEW YORK, as Trustee in Bankruptcy of the Estate of VICTOR R. HESS, Bankrupt, Respondent, v. JOHN J. KUTCH, Appellant, and Others, Defendants.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES STEELE, Appellant.— Application for a certificate permitting an appeal to the Court of Appeals denied by the presiding justice.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. BETTY BEUSCHEL, Respondent, v. JACOB MANOWITZ, Appellant.— Motion to set aside default granted. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

PAULINE M. SCHAFFER, as Administratrix, etc., of MORRIS P. SCHAFFER, Deceased, Respondent, v. HARRY M. SCHAFFER, Appellant. HARRY M. SCHAFFER, Plaintiff, v. PAULINE M. SCHAFFER, as Administratrix, etc., of MORRIS P. SCHAFFER, Deceased, Defendant.— Motion for leave to appeal to the Court of Appeals denied upon the ground that it was not made in time and also upon the merits. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

HELEN WILLINGER, an Infant under the Age of Fourteen Years, by Her Guardian ad Litem, MORRIS WILLINGER, LENA WILLINGER and MORRIS WILLINGER, Respondents, v. MATILDA JACOBSON, Defendant; MARTIN C. STRAUSS and BARRY MORELL, Appellants.— In view of the decision in Willinger v. Jacobson [post, p. 891], decided herewith, the motion for a stay is dismissed. Present — Lazansky, P. J., Young, Kapper and Davis, JJ.; Tompkins, J., not voting.

EDWARD C. BADEAU, Respondent, v. CHARLES R. LEONARD and Others, Defendants, Impleaded with EDGAR W. LEONARD and Another, Appellants. (Appeal No. 1.) — Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion for examination granted as to the items contained in the notice except items numbered 1 to 5, inclusive, and subdivisions B to M of item 11, inclusive, as to which the motion is denied. We are of opinion that the examination of the plaintiff's assignor as limited is necessary and that the motion was made in good faith. There is no proof that the plaintiff's assignor will be inconvenienced by reason of the examination. The examination will proceed at a time to be specified in the order. Young, Hagarty, Carswell, Scudder and Davis, JJ., concur. Settle order on notice.